MENZEL & CO. v. UNITED STATES. MEYER & LANGE v. SAME. WEBER v. SAME.

(Circuit Court, S. D. New York. December 14, 1904.)

Nos. 3,636, 3,637, and 3,638.

CUSTOMS DUTIES—CLASSIFICATION—FISH ROE—CAVIAR—SIMILITUDE.

Fish roe, or caviar, in tin packages, is, by virtue of the similitude clause in section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], dutiable at the rate applicable to fish in tin packages, enumerated in paragraph 258 of said act, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], which article it resembles in quality, texture, and use, especially use, within the meaning of said section.

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Menzel & Co., Meyer & Lange, and Jules Weber. Note G. A. 5,424, T. D. 24,682.

Albert H. Washburn, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of caviar, the roe of the sturgeon. It was assessed for duty by the collector of customs under paragraph 258 of the tariff act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], as "fish, in tin packages." The importers protested against said classification and assessment, and claimed the merchandise to be properly dutiable, under the provisions of section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as a nonenumerated manufactured article. The board of general appraisers overruled the protest of the importers, holding the merchandise to be dutiable, either directly or by similitude, as fish, under said paragraph 258 and section 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

I do not agree with the board of appraisers on the proposition that this caviar is fish, but think, under the similitude clause, that, since it is so near fish in quality, texture, and the use to which it may be applied (especially the use), that provision should control.

The decision of the board is therefore affirmed.